## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELECIA RUSSELL,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :     **CIVIL ACTION NO. 25-CV-4947** |
| | : |
| **POLICE OFFICER** | : |
| **RAYMOND HALL, *et al.*,** | : |
| **Defendants.** | : |

### MEMORANDUM

**SCOTT, J.**                                                                                                   **SEPTEMBER  2025**

Plaintiff Elecia Russell initiated this *pro se* civil action alleging her constitutional rights

were violated during and after an altercation with her neighbors. She seeks to proceed *in forma*

*pauperis*. Named as Defendants are: Philadelphia Police Officers Angel Rodriguez, Raymond

Hall, Chad Culbreath, Matthew Walsh, Erica Perez, Derrick M. William, Jeffrey Szawezak,

Daniel Flynn, Amy Marks, Christian Cruz, Lawrence Tevelson, Alan Smith, John F. Murphy,

Ryan Laskowski, and Eric Novasak, as well as Amy Polanco, Llanny Gomez, and Tan Zheng

Yu. (Compl. at 1-7.)[1]  For the following reasons, the Court will grant Russell *in forma pauperis*

status and dismiss the Complaint.

## I.    FACTUAL ALLEGATIONS

Russell presents constitutional claims pursuant to 42 U.S.C. § 1983, alleging that her

rights were violated by her neighbors during an altercation, and by Philadelphia police officers

who responded to the altercation. (*See* Compl. at 3, 9-16, 18-25.) Russell alleges as follows:

---

[1] Russell's Complaint is comprised of a standard form complaint for use in civil rights
cases, along with typed and handwritten supplements. (*See* ECF No. 2 at 1-27.) The entire
submission will be construed as the Complaint. The Court adopts the sequential pagination
supplied by the CM/ECF docketing system to the Complaint.

the incident began on June 17, 2023, at 8:00 p.m., and continued until June 18, 2023, until 4:00 a.m., when a search of her residence at 6123 Marsden Street was completed. (*Id.* at 14.) After a day-long cookout at her residence, the frisbee with which Russell's grandchildren were playing landed on her neighbors' porch. (*Id.* at 15.) Russell "already had a pre-existing issue" with the neighbors. (*Id.*) Russell's daughter attempted to retrieve the frisbee but was pulled onto the neighbors' porch by the neighbors. (*Id.*) A fight ensued and when Russell intervened, she too was pulled onto the porch, hit in the head with a bottle, and cut with a knife. (*Id.*) Russell broke free from the fight and returned home where she collapsed in her living room. (*Id.*) Russell was awakened by police officers who had their guns drawn. (*Id.*) Russell sought medical attention from the officers and attempted to inform them that she and her daughter had been attacked by the neighbors. (*Id.*) She asserts, *inter alia*, that the officers did not timely respond to her request for medical attention causing her further physical harm, used racial slurs, sided with the neighbors, and demanded that she provide them with the gun that she was alleged to have used during the altercation. (*Id.*) Although Officers Hall and Rodriguez took Russell to the hospital two hours after the altercation, she contends that they delayed medical care, threatened her, and handcuffed her to the hospital bed for hours, refusing to loosen the too-tight handcuff and causing further injury. (*Id.* at 16.) Based on the foregoing allegations, Russell asserts that she suffered physical and mental harm due to Defendants' actions. The Complaint does not contain a request for relief.

## II.    STANDARD OF REVIEW

The Court will grant Russell leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v.

Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will

accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the

plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible

claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other

grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory

allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Russell is proceeding *pro se*, the

Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

"With respect to affirmative defenses, such as res judicata, dismissal is proper if

application of the defense is apparent on the face of the complaint; [the Court] may also look

beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E.

Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*,

202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "[r]es judicata is a proper

basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

**III.    DISCUSSION**

Russell asserts constitutional claims pursuant to 42 U.S.C. § 1983 based on alleged

violations of her rights during and after an altercation with her neighbors. (Compl. at 3, 14.)

However, her claims cannot proceed. Russell previously brought claims based on the same

3

underlying events that were dismissed by the Court of Common Pleas of Philadelphia County.
*See Russell v. Rodriguez, et al.*, Case ID 250601709 (C.P. Phila.) (hereinafter "*Russell I*").[2]
Russell's present attempt to reassert claims based on the same underlying events as presented,
and dismissed, in *Russell I* is barred by the doctrine of claim preclusion.

"Claim preclusion — which some courts and commentators also call res judicata —
protects defendants from the risk of repetitive suits involving the same cause of action once a
court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*,
14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Where the prior litigation
occurred in Pennsylvania courts, this Court "must give the same preclusive effect to the
judgment in [a] common pleas court case that the courts in Pennsylvania, the state in which the
judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d
542, 548 (3d Cir. 2006); *see also Marrese v. Am. Acad. Orthopaedic Surgeons*, 470 U.S. 373,
380 (1985) ("[The federal full faith and credit] statute directs a federal court to refer to the
preclusion law of the State in which judgment was rendered.").  Under Pennsylvania law, "[a]ny
final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit
between the parties or their privies on the same cause of action." *Balent v. City of Wilkes–Barre*,
669 A.2d 309, 313 (Pa. 1995) (citation omitted).

For the doctrine to apply, the prior action and the subsequent action must share the
following four factors: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons
and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner*, 449 F.3 at

---

[2] The Court may take judicial notice of publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

548 (citing *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 74 (1974)); *see also In re*

*Coatesville Area Sch. Dist.*, 244 A.3d 373, 380 (Pa. 2021) (there must be "an identity of issues,

an identity of causes of action, identity of persons and parties to the action, and identity of the

quality or capacity of the parties suing or being sued") (citation omitted).  The doctrine "applies

not only to claims actually litigated, but also to claims which could have been litigated during the

first proceeding if they were part of the same cause of action."  *Balent*, 669 A.2d at 313.

All elements of res judicata exist here.  *Russell I* resulted in a final judgment on the

merits because Russell's case was dismissed for failure to state a claim by order of the Common

Pleas Court dated July 16, 2025.  *See Brown v. Cooney*, 442 A.2d 324, 326 (Pa. Super. Ct. 1982)

("Dismissal of an action for failure to state a claim is a final judgment on the merits."); *see also*

*Russel I*, Order dated July 16, 2025 (dismissing the complaint for failure to state a claim upon

which relief can be granted) (citing Pa. R. C. P. 240(j)(1)).[3]  Further, Russell's federal Complaint

is based on the same events and presents the same causes of action presented in *Russell I*, namely

that her constitutional rights were violated during the events of June 17-18, 2023, involving her

neighbors and Philadelphia police officers.  Indeed, it appears that Russell submitted the same

complaint in the state court, as demonstrated by the "Case ID: 250601709" stamp that appears on

---

[3] If a plaintiff is proceeding *in forma pauperis* in the state court matter, Pennsylvania Rule of Civil Procedure 240(j)(1) allows a court to dismiss an action if, *inter alia*, it is satisfied that the action is frivolous. *See* Pa. R. C. P. 240(j)(1) ("If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous."). "Rule 240(j)(1) dismissals constitute final adjudications on the merits for purposes of *res judicata*." *Berry v. Experian Info. Sols., LLC*, No. 23-01435, 2023 WL 4089332, at *3 (E.D. Pa. June 20, 2023) (cleaned up) (citing cases); *see also Garland v. Gardner*, No. 20-1823, 2020 WL 3078381, at *5 (E.D. Pa. June 10, 2020) ("The dismissal of Garland's Common Pleas Action under Rule 240(j) was therefore a final judgment on the merits for purposes of *res judicata*.").

most of the pages of Russell's submission to this Court. (*See* Compl. at 1-10, 14-17, 26-27.)

Additionally, the signature page of the federal Complaint is dated June 13, 2025, the date the

Common Pleas matter was filed, and contains the Common Pleas case identifying stamp. (*See*

*id.* at 17.) To the extent the federal Complaint includes additional pages that do not have the

"Case ID: 250601709" stamp, these pages merely restate the prior allegations. (*See id.* at 18-

25.)[4] Further, the Defendants named in the case at bar are also named in the Common Pleas

matter.[5] To the extent Russell seeks to also name the 15th Police District as a Defendant in the

present case (*see* Compl. at 13), that does not change the result.[6] *See Mansaray v. Wenner*, No.

24-1591, 2025 WL 1625444, at *2 (3d Cir. June 9, 2025) (*per curiam*) (where state case was

brought against individual police officers, the addition of the police department as a defendant to

federal suit did not prevent application of res judicata) (citing *Gambocz v. Yelencsics*, 468 F.2d

---

[4] Russell essentially restates her claims twice in the Complaint. (*See* Compl. at 9-16 and 18-26.)

[5] The state court matter named an additional defendant, Linda Carpenter. *See Russell I.*

[6] Furthermore, the 15th District is not an appropriate defendant in a § 1983 matter. A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.; Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988))). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).

837, 841 (3d Cir. 1972) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.")); *Helmig v. Rockwell Mfg. Co.*, 131 A.2d 622, 627 (Pa. 1957) (stating that res judicata "should not be defeated by minor differences of form, parties or allegations" and that a shuffling of defendants on the record should not be permitted to nullify the res judicata rule)). Thus, because the Common Pleas Court dismissal was a final judgment on the merits, the state court case concerned the events of June 17-18, 2023, raised the same causes of actions, and involved the same parties or their privies, Russell may not proceed with her Complaint in this court.

As an alternative basis for dismissal, Russell's § 1983 claims are time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The alleged events in this matter occurred in Pennsylvania and the Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, the limitations period applicable to Russell's civil rights claims is two years.

A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "[T]he limitations period starts to run at this time even if the full extent or severity of the injury

is not yet known." *Alexis v. Connors*, No. 23-2502, 2024 WL 3534480, at *2 (3d Cir. July 25,

2024) (*per curiam*) (citing *Kach*, 589 F.3d at 634-35; *Wallace*, 549 U.S. at 391).

Russell's § 1983 claims which are based on the events of June 17-18, 2023, accrued at

that time because the allegations in the Complaint sufficiently demonstrate that Russell was

aware that she was allegedly mistreated then. *See, e.g., LeBlanc v. Snavely*, 453 F. App'x 140,

142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include

LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault,

because, at that point, the plaintiff has reason to know of the injury."); *Jackson v. City of Erie*

*Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (*per curiam*) ("[T]he statute of limitations

for claims of wrongful searches and seizures would have begun to run at the time of the searches

and seizures . . . ."); *Smith v. Municipality of Lycoming Cnty.*, 335 F. App'x 147, 149 (3d Cir.

2009) (*per curiam*) (plaintiff alleging deliberate indifference to medical needs knew, or had

reason to know, of his alleged mistreatment when it occurred).  Putting aside the res judicata

issues, to be timely, Russell should have initiated this matter by June 18, 2025, at the latest.

However, Russell filed her Complaint in this Court on August 27, 2025.  Since this case was

filed more than two months after the statute of limitations expired on her claims, they are time-

barred.  Moreover, the facts alleged do not support a reasonable basis for equitable tolling[7]

because it is apparent from public records that Russell was capable of timely pursuing her

claims, since she initiated her state court action on June 13, 2025. *See Russell I.*

---

[7] "Tolling is [an] extraordinary remedy, and is proper only when the principles of equity
would make [the] rigid application [of a limitation period] unfair." *D.J.S.-W ex rel. Stewart v.
United States*, 962 F.3d 745, 750 (3d Cir. 2020) (alterations in original) (internal citations and
quotations omitted).  Equitable tolling is generally appropriate where: (1) a defendant actively
misleads a plaintiff regarding a cause of action; (2) a plaintiff in some extraordinary way has
been prevented from asserting a claim; or (3) a plaintiff has timely asserted his claims but in the
wrong forum. *See id.*

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (*per curiam*); *see also Harris v. Stash*, No. 22-1910, 2023 WL 1990531, at *2 (3d Cir. Feb. 14, 2023) (*per curiam*) ("[A] court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary."), *cert. denied*, 144 S. Ct. 579 (2024). Because it is apparent from the face of the Complaint that her claims are time-barred, Russell's Complaint could be dismissed on this basis.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Russell's Complaint in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given, because the Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows, which dismisses this case. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

KAI N. SCOTT, J.

9